UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

---

No.   3:25-cv-00512-JKM

---

VICTORIA VESPICO

Plaintiff

v.

ROBYN KASS-GERJI

Defendant

---

## PLAINTIFF'S BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANT ROBYN KASS-GERJI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Steven F. Marino, Esquire
PA Attorney I.D. No.   53034
Joseph Auddino, Esquire
PA Attorney I.D. No.   316752
MARINO ASSOCIATES
301 Wharton Street
Philadelphia, PA 19147
Telephone: (215) 462-3200
Telecopier: (215) 462-4763
smarino@marinoassociates.net
jauddino@marinoassociates.net

Dated: June 19, 2025       *Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.   STATEMENT OF PROCEDURAL HISTORY ................................................1

II.  STATEMENT OF MATERIAL FACTS ........................................................2

III. STATEMENT OF QUESTIONS INVOLVED ..................................................3

IV.  ARGUMENT PRESENTED...................................................................5

    A.   THE COURT SHOULD PROPERLY CONVERT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS INTO A RULE 56 MOTION FOR SUMMARY JUDGMENT AND GIVE THE PARTIES A REASONABLE OPPORTUNITY TO EXERCISE DISCOVERY MATERIAL TO THE MOTION ................................5

    B.   RULE 12(b)(6) STANDARD AND BURDEN OF PROOF ...............7

    C.   COUNTS I-III OF THE COMPLAINT ARE NOT BARRED BY THE DOCTRINE OF RES JUDICATA ......................................................8

    D.   COUNTS I-III OF THE COMPLAINT ARE NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL ...............................16

    E.   THE DEFENDANT'S STATEMENTS ARE NOT PROTECTED BY PENNSYLVANIA'S JUDICIAL PRIVILEGE ...............................20

    F.   THE COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST DEFENDANT PREMISED UPON AN ABUSE OF PROCESS OF LIABILITY SET FORTH IN COUNT I OF THE COMPLAINT ................................22

    G.   THE COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST THE DEFENDANT PREMISED UPON A DEFAMATION PER SE THEORY OF LIABILITY SET FORTH IN COUNT II THE COMPLAINT ................................................................24

H.     PLAINTIFF'S COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST THE DEFENDANT PREMISED UPON A PRESENTATION OF FALSE LIGHT THEORY OF LIABILITY SET FORTH IN COUNT III THE COMPLAINT ....................................27

I.     THE DEFENDANT IS NOT ENTITLED TO ATTORNEY'S FEES WITHIN THE MEANING OF PENNSYLVANIA'S ANTI-SLAPP STATUTE...............................................................................................28

V.  CONCLUSION ........................................................................................30

# TABLE OF AUTHORITIES

**Cases**

Allen v. McCurry,
    449 U.S. 90, 101 S. Ct. 411, 66 L.Ed.2d 308 (1980) ............................................13

Apotex, Inc. v. FDA,
    364 U.S. App. D.C. 187, 393 F.3d 210 (2004) .................................................10, 14

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ..........................7, 8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................7

Binder v. Triangle Publ'ns, Inc.,
    442 Pa. 319 275 A.2d 53 (1971) .........................................................................21

Bochetto v. Gibson,
    580 Pa. 245, 860 A.2d 67 (2004) ........................................................................21

Breiner-Sanders v. Georgetown Univ.,
    118 F. Supp. 2d 1 (D.D.C. 1999) ........................................................................13

Cal. Cmtys. Against Toxics v. EPA,
    442 U.S. App. D.C. 126, 928 F.3d 1041 (2019) ..................................................18

Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC,
    386 U.S. App. D.C. 328, 569 F.3d 485 (2009) ...............................................10, 14

Chen v. FBI,
    435 F. Supp. 3d 189 (D.D.C. 2020) .....................................................................19

Conley v. Gibson,
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .................................................7

D.P. Enter. Inc. v. Bucks County Community College,
    725 F.2d 943 (3d Cir.1984) ...................................................................................7

Graboff v. Colleran Firm,
    744 F.3d 128 (3d Cir. 2014) ................................................................................25

Green v. Minzer,
    692 A.2d 169 (Pa. Super. Ct. 1977)........................................................21

Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co.,
    240 U.S. App. D.C. 103, 744 F.2d 118 (1984) .......................................16, 18, 19

Kulwicki v. Dawson,
    969 F.2d 1454 (3d Cir. 1992)...............................................................6

Larochelle v. Medstar Wash. Hosp. Ctr.,
    No. 23-cv-2956 (TSC), 2024 U.S. Dist. LEXIS 163265 (D.D.C. Sep. 11, 2024).9

Marshall v. Holmes,
    141 U.S. 589, 12 S. Ct. 62, 35 L.Ed. 870 (1891) ...........................................12, 18

Martin v. DOJ,
    376 U.S. App. D.C. 293, 488 F.3d 446 (2007) .....................................................17

Menkowitz v. Peerless Publ'ns, Inc.,
    211 A.3d 797 (Pa. 2019) ......................................................................25

Meyers v. Certified Guar. Co., LLC,
    2019 PA Super 316, 221 A.3d 662 .........................................................26

Montgomery v. IRS,
    458 U.S. App. D.C. 98, 40 F.4th 702 (2022) .......................................................17

Morowitz v. Marvel,
    423 A.2d 196 (D.C. 1980) .................................................................22, 23

Mortensen v. First Fed. Sav. & Loan Ass'n,
    549 F.2d 884 (3d Cir. 1977)....................................................................6

Pawlowski v. Smorto,
    403 Pa. Super. 71, 588 A.2d 36 (Pa. Super. 1991) ...............................................21

Pelagetti v. Cohen,
    370 Pa. Super. 422, 536 A.2d 1337 (1987)..........................................................21

Phillips v. Cty. of Allegheny,
    515 F.3d 224 (3d Cir. 2008)..................................................................8

iv

Post v. Mendel,
510 Pa. 213, 507 A.2d 351 (1986) ...................................................................20

Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,
324 U.S. 806, 65 S. Ct. 993, 89 L. Ed. 1381 (1945)..........................................20

Richardson v. Pennsylvania Dep't of Health,
561 F.2d 489 (3d Cir.1977).................................................................................7

Rocks v. City of Phila.,
868 F.2d 644 (3d Cir.1989)..................................................................................7

SBC Communs., Inc. v. FCC,
407 F.3d 1223, 366 U.S. App. D.C. 27 (D.C. Cir. 2005) ....................................8

Sheridan v. NGK Metals Corp.,
609 F.3d 239 (3d Cir. 2010)................................................................................8

Smalls v. United States,
374 U.S. App. D.C. 63, 471 F.3d (2006) .............................................................9

Thomas Merton Ctr. v. Rockwell Int'l Corp.,
497 Pa. 460, 442 A.2d 213 (1981) ....................................................................25

Thompson v. Schweiker,
665 F.2d 936 (9th Cir. 1982) ............................................................................13

Tucker v. Fischbein,
237 F.3d 275 (3d Cir. 2001)..............................................................................25

United States v. All Assets Held at Bank Julius,
229 F. Supp. 3d 62 (D.D.C. 2017),...................................................................20

United States v. Throckmorton,
98 U.S. 61, 25 L.Ed. 93 (1878)....................................................................12, 18

W. Penn Allegheny Health Sys., Inc. v. UPMC,
627 F.3d 85 (3d Cir. 2010)..................................................................................8

**Statutes**
27 Pa. Cons. Stat. §§ 8301–8304 .......................................................................28
42 Pa.C.S. § 8340.12 .........................................................................................28
42 Pa.C.S. § 8343 ..............................................................................................25

42 Pa.C.S. §§ 8340.1 et seq. .................................................................................28

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 12(d) ..........................................................................................4, 6
Fed. R. Civ. P. 15(a)(2) .........................................................................................33
Fed. R. Civ. P. 56 ....................................................................................................6
Fed. R. Civ. P. 8(a) .................................................................................................7

## United States Constitution

U.S. Const. amend. I ...............................................................................................28

## Pennsylvania Constitution

Pa. Const. art. I, § 20 ............................................................................................28
Pa. Const. art. I, § 7 ..............................................................................................28

## Restatements

Restat 2d of Judgments, § 29 ................................................................................19
Restat 2d of Judgments, § 6 ....................................................................................8
Restat 2d of Torts § 559 ........................................................................................25
Restat 2d of Torts, § 566 .......................................................................................26
Restat 2d of Torts, § 603 .......................................................................................21

UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

VICTORIA VESPICO,                          :
                                           :
          Plaintiff,                       :
                                           :
     v.                                    :        No. 3:25-cv-00512-JKM
                                           :
ROBYN KASS-GERJI,                          :
                                           :
          Defendant.                       :
_____           :

**PLAINTIFF'S BRIEF IN SUPPORT OF OPPOSITION TO
DEFENDANT KASS-GERJI'S MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**

The plaintiff, by and through counsel, provides the instant submission in support of the plaintiff's opposition to defendant Robyn Kass-Gerji's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## I.   <u>STATEMENT OF PROCEDURAL HISTORY</u>

On March 20, 2025, the plaintiff initiated an action against defendants Robyn Kass-Gerji, Daily-Mail On-Air, LLC and Laura Collins by the filing of a Complaint in the United States District Court Middle District of Pennsylvania.  On May 7, 2025, plaintiff filed a notice of voluntary dismissal of action against Defendants Daily-Mail On-Air, LLC and its employee, Ms. Laura Collins.  On June 5, 2020, defendant filed a Motion to Dismiss the Complaint ("*Defendant's MTD*").   Defendant

incorporated documents extrinsic to the Complaint to her Motion.  The plaintiff's instant response follows.

## II.    STATEMENT OF MATERIAL FACTS

The instant action is brought to recover damages and losses suffered by plaintiff, arising from defendant's calculated fraud upon the Court and her deliberate and malicious dissemination of knowingly false and fabricated statements, intended to irreparably damage plaintiff's reputation, expose her to public scorn, and cause severe personal and professional injury.  In the calendar year of 2024, the plaintiff and defendant were competition peers in the Miss America Organization, Miss Pennsylvania Scholarship Competition [Doc No. 1 ¶ 22]. Prior to the 2024 Miss Pennsylvania Scholarship Competition, defendant fabricated a series of text messages to appear to be sent to the cellular device of plaintiff [Doc No. 1 ¶ 59; 63].

On May 1, 2024, defendant submitted a verified Petition and Affidavit for Anti-Stalking Order in the Superior Court of the District of Columbia, Domestic Violence Division (referred to hereafter as the "*D.C. Superior Ct.*") pursuant to D.C. Code §16-1061 et seq., assigned Case No. 2024 ASO 000437 accusing plaintiff of sending text messages to defendant threatening her with physical harm and violence [Doc. No. 1 ¶ 4, 2].  As a result of presenting fabricated text messages and perjured testimony, the D.C. Superior Ct. entered an Order, on the limited evidence available at the time of the hearing, that defendant had demonstrated by a preponderance of

2

the evidence that plaintiff threated defendant via text message(s) and in person (hereinafter the *"Anti-Stalking Order"*) [Doc No. 1 ¶¶ 40-63]. In a deliberate and orchestrated effort to falsely portray herself as a victim of abuse, intended to elevate her victim advocacy platform, promote her nonprofit organization and inflict lasting reputational harm upon the plaintiff, defendant participated in media interviews where she knowingly disseminated defamatory statements and implications about plaintiff, and publicly released the Anti-Stalking Order, which she had procured through the presentation of fabricated evidence and perjured testimony [Doc. No. 1 ¶¶ 29–33, 64–77, 114–120]. In addition to communicating the knowingly false statement that plaintiff stalked, harassed, and threatened her, defendant falsely reported to investigative journalist Laura Collins of the Daily Mail that plaintiff had had vandalized her vehicle [Doc. No. 1 ¶¶ 91–103]. Defendant knew her social media posting of the Anti-Stalking Order, procured by fraud and false reports to media outlets, such as the Daily Mail, would be published to the general public on a national level [Doc No. 1 ¶¶129-158].

III.   **STATEMENT OF QUESTIONS INVOLVED**

1.   Upon consideration of the information extrinsic appended to the Complaint by defendant for the court's consideration, whether defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) should be converted into a summary judgment motion pursuant to Fed.R.Civ.P. 12(d) when genuine issues of material

3

fact are presented?

Proposed Answer: Yes.

2.      Whether Plaintiff's claims asserted in Counts I–III are barred by the doctrine of res judicata where the defendant perpetrated a fraud upon the Court; where conclusive evidence the defendant committed a fraud upon the Superior Court for the District of Columbia ("*D.C. Superior Ct.*") was unavailable at the time of the prior proceeding; where plaintiff was denied a meaningful opportunity to challenge the fabricated evidence; and where the current claims are factually and legally distinct from those previously litigated, involving statements and conduct never adjudicated.

Proposed Answer: No.

3.      Whether the defendant's statements to 3rd parties after the conclusion of the D.C. Superior Ct. hearing are communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought?

Proposed Answer: No.

4.      Whether the Complaint pleads facts sufficient to allow the Court to draw the reasonable inference discovery will reveal evidence giving rise to a plausible theory of recovery against the defendant premised upon an Abuse of

Process tort theory of liability set forth in Count I of the Complaint?

Proposed Answer: Yes.

5.    Whether the Complaint pleads facts sufficient to allow the Court to draw the reasonable inference discovery will reveal evidence giving rise to a plausible theory of recovery against the defendant premised upon a Defamation tort theory of liability set forth in Count II of the Complaint?

Proposed Answer: Yes.

6.    Whether the Complaint pleads facts sufficient to allow the Court to draw the reasonable inference discovery will reveal evidence giving rise to a plausible theory of recovery against the defendant premised upon a Presentation of False Light tort theory of liability set forth in Count III of the Complaint?

Proposed Answer: Yes.

## IV.    **ARGUMENT PRESENTED**

**A.    THE COURT SHOULD PROPERLY CONVERT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS INTO A RULE 56 MOTION FOR SUMMARY JUDGMENT AND GIVE THE PARTIES A REASONABLE OPPORTUNITY TO EXERCISE DISCOVERY MATERIAL TO THE MOTION**

Attached to the instant Motion to Dismiss Pursuant to Rule 12(b)(6), defendant presents the court with information extrinsic to the Complaint.   FED. R.

CIV. P. 12(d) allows for courts to decide motions to dismiss as summary judgment motions. Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6), or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Whether matters outside of the pleadings are considered, and, subsequently, whether the motion to dismiss is converted into a motion for summary judgment, is a matter entrusted to the discretion of the court.[1]   If the court considers matters outside the pleadings before it in a 12(b)(6) motion, the motion automatically converts into a Rule 56 summary judgment by operation of rule. Here there are further safeguards for the plaintiff: in addition to having all of plaintiff's allegations taken as true, with all their favorable inferences, the trial court cannot grant a summary judgment unless there is no genuine issue of material fact.[2] Review of the arguments presented by the defendant in support of her motion to dismiss reveals the arguments are premised upon material extrinsic to the Complaint and that their exists genuine issues of material fact. Accordingly, this Court should properly convert the defendant's Rule 12(b)(6) motion to dismiss into a Rule

---

1. Kulwicki v. Dawson, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992).
2. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)

6

56 motion for summary judgment and give the parties a reasonable opportunity to exercise discovery on material pertinent to the motion.

**B.**     **RULE 12(b)(6) STANDARD AND BURDEN OF PROOF**

When considering a Rule 12(b)(6) motion, the court is required to accept as true all of the allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.[3]  A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved.[4]  Fed.R.Civ.P. 8(a)(2) requires only a short and plain statement of the claim showing the pleader is entitled to relief so that  the defendant has fair notice of what the claim is and the grounds upon which it rests.[5]  Rule 8(a) requires that a Complaint contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible.[6]  A claim has facial plausibility when the plaintiff pleads enough facts to allow the court to draw the reasonable inference that discovery will reveal evidence the defendant is liable for

---

3. Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989)
4. D.P. Enter. Inc., 725 F.2d at 944; Richardson v. Pennsylvania Dep't of Health, 561 F.2d 489, 492 (3d Cir.1977)
5. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))
6. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))

the misconduct alleged.[7]  The pleading standard does not require detailed factual allegations, but rather only a showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.[8] Determining whether a pleading states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[9]

### C.     COUNTS I-III OF THE COMPLAINT ARE NOT <u>BARRED BY THE DOCTRINE OF RES JUDICATA</u>

The defendant argues plaintiff's claims should be precluded upon the basis the D.C. Superior Ct. held by a preponderance of the evidence plaintiff was the source of harassing text messages received by defendant which are the same underlying facts to support plaintiff's claims in the instant action.  The defendant's argument is misleading.

Res judicata, also known as claim preclusion, embodies the principle a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.[10]  Pursuant to the doctrine of res judicata a subsequent lawsuit will be barred if there has been prior litigation: (1) involving

---

7. W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3d Cir. 2010)
8. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008);
9. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)
10. SBC Communs., Inc. v. FCC, 407 F.3d 1223, 1229, 366 U.S. App. D.C. 27 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982))

the same claims or cause of action; (2) between the same parties or their privies; (3) there has been a final, valid judgment on the merits; (4) by a court of competent jurisdiction.[11] The plaintiff concedes the prior action was between the same parties and the D.C. Superior Ct. is a court of competent jurisdiction. However, the doctrine of res judicata should not be applied to the instant matter upon the basis that that claims asserted here do not involve the same claims or causes of action as asserted in the Complaint nor does the D.C. Superior Ct. ruling serve as a valid judgment on the meris.

i.   ***The Claims Asserted in The Instant Action Are Not the Same as Those Heard Before the Superior Court of the District of <u>Columbia</u>***

The defendant asserts the plaintiff should be precluded from prosecuting the claims of abuse of process, defamation per se and presentation of false light presenting in Counts I-III of the Complaint upon the basis the D.C. Superior Ct. action arises from the same operative facts as the instant mater. Defendant's assertion disregards the causes of action set forth in the Complaint assert claims are separate and distinct from the causes presented to the D.C. Superior Ct. Claims are the "same" for res judicata purposes when the cases are based on the 'same nucleus of operative fact' because 'it is the facts surrounding the transaction or

---

11. Larochelle v. Medstar Wash. Hosp. Ctr., No. 23-cv-2956 (TSC), 2024 U.S. Dist. LEXIS 163265, at *5-6 (D.D.C. Sep. 11, 2024), citing, Smalls v. United States, 471 F.3d 186, 192, 374 U.S. App. D.C. 63 (D.C. Cir. 2006).

occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.[12]  In pursuing this inquiry, the court will consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.[13]

In her Complaint, the plaintiff asserts three (3) causes of action against defendant: Count I - abuse of process; Count II – defamation; and (3) Count III - presentation of false light.  The abuse of process claim set forth in Count I of the Complaint centers on whether the defendant misused the anti-stalking petition initiated in D.C. Superior Ct. to pursue an ulterior objective unrelated to the lawful purpose of the proceeding and achieved a result that was not intended by the process [Doc No. 1 ¶¶ 110-116].  These distinct issues, whether the legal process was employed for an improper collateral purpose or whether the defendant achieved the corrupt result from the abuse, were never addressed by the D.C. Superior Ct.  A suggestion otherwise is complete fiction.  Accordingly, res judicata does not bar this claim.

---

12. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490, 386 U.S. App. D.C. 328 (D.C. Cir. 2009)
13. Apotex, Inc. v. FDA, 393 F.3d 210, 217, 364 U.S. App. D.C. 187 (D.C. Cir. 2004) (citation omitted).

The defamation claim asserted in Count II concerns whether defendant made false and injurious statements to third parties, ***including claims of vandalism, mental instability, and criminal conduct.*** The Complaint provides the injurious statements made to third parties were made ***after the conclusion*** of the D.C. Superior Ct. proceeding [Doc. No. 1 ¶¶ 64-77; 79-90; 92-103] (emphasis added). These statements, their truth or falsity, and their impact on plaintiff's reputation were not litigated in the earlier action. Accepting those facts as true, as this court must, the principles of res judicata are simply inapplicable.

The false light claim asserted in Count III turns on whether Defendant's post-hearing statements to third parties cast the plaintiff in a misleading and highly offensive light [Doc No. 1 ¶¶ 64-77; 79-90; 92-103]. The Complaint provides the injurious statements made to support this cause of action were made after the conclusion of the D.C. Superior Ct. proceeding and were likewise not the subject of prior adjudication. As such, the doctrine of res judicata does not apply.

The operative facts supporting the theories of liability asserted in Counts I-III of the Complaint arise from distinct conduct, harms, and legal theories that occurred outside the scope and time frame of the D.C. Superior Ct. proceeding that are not related in time, space origin, or motivation, as required for the application of res judicata. The plaintiff could not have known at the time of the D.C. Superior Ct. proceeding the defendant would engage in a national media campaign to irrepealably

11

harm the plaintiff's reputation.  The theories of liability asserted in Counts I-III of the Complaint do not share the "same nucleus of facts" as the D.C. Superior Ct. hearing like the defendant suggests.  Accordingly, defendant's motion to dismiss Counts I-III of the Complaint pursuant to the legal doctrine of res judicata should properly be denied.

### ii.    *The Superior Court for the District of Columbia's Judgment Was the Result of a Fraud Committed Upon the Court*

The Complaint asserts the judgment of the D.C. Superior Ct. was procured through a fraud having been committed upon the court by the defendant. Accepting those facts as true, as this court must, the fraud of the defendant undermines the integrity of the factual basis upon which the court's findings were grounded and renders them baseless.  It is a well-accepted principle that a judgment procured through fraud, particularly where the fraud directly tainted the factual basis of the court's findings, cannot serve as a judgment on the merits.[14] A judgment based upon intentionally fabricated and fraudulent evidence does not preclude a plaintiff from challenging that fraud in a separate action.[15] The United States Supreme Court has held, 'fraud vitiates everything,' a judgment procured by fraud upon the court is

---

14. United States v. Throckmorton, 98 U.S. 61, 66 (1878) ("Fraud vitiates everything.")
15. Id.  Marshall v. Holmes, 141 U.S. 589, 596 (1891) (permitting equitable relief where judgment was based on forged documents)."

12

not entitled to preclusive effect.[16] A judgment based upon intentionally withholding relevant evidence and presenting fabricated and fraudulent evidence at a court proceeding cannot preclude a plaintiff from challenging that fraud in a separate action.[17] Permitting such preclusion would serve to legitimize judgments procured through deception and undermine the integrity of the judicial process, which is fundamentally intended to ascertain the truth.[18]

A final judgment sufficient to support claim preclusion must arise from a proceeding in which the party had a full and fair opportunity to litigate.[19] Counts I–III of the Complaint are predicated on facts not available at the time the original proceeding was initiated or, at a minimum, there exists a genuine question of fact as to whether certain critical information was accessible during the D.C. Superior Ct.'s hearing sufficient to support the application of claim preclusion upon a basis the judgment was procured through fraud.

Moreover, the Complaint alleges plaintiff was denied a meaningful opportunity to challenge this evidence due to the expedited nature of the hearing, convened just fifteen (15) days after defendant submitted her Second Supplemental

---

16. Id.
17. Id.
18. Breiner-Sanders v. Georgetown Univ., 118 F. Supp. 2d 1, 5 (D.D.C. 1999), quoting, Thompson v. Schweiker, 665 F.2d 936, 940-41 (9th Cir. 1982) ("Both [issue and claim preclusion] are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice.")
19. Allen v. McCurry, 449 U.S. 90, 95 (1980);

Petition and Affidavit for an Anti-Stalking Order on May 14, 2024, and the lack of discovery [Doc No. 1 ¶¶ 40–49, 54–59]. Even assuming claim preclusion were otherwise applicable, an exception is warranted here due to the emergence of material evidence not, and could not reasonably have been, available at the time of the D.C. Superior Ct. hearing.

Res judicata does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit.[20] Preclusion extends to claims that should have been raised in an earlier suit, but may not bar a later suit where the plaintiff was not aware of its claim at the time of the first litigation.[21] The Complaint pleads facts sufficient to allow the Court to draw the reasonable inference discovery will reveal additional facts that support the plaintiff's position that critical evidence was not available at the time of the civil protection hearing, including newly available facts, uncovered through a formal law enforcement investigation of defendant, that cast serious doubt on the integrity of the evidence relied upon in the prior proceeding and, if not definitively confirming, provide strong support for plaintiff's allegation the prior judgment was procured by fraud. Such critical evidence will foreseeably include: (1) Seargent Michael Huntzinger of the Kingston

---

20. Apotex, Inc. v. FDA, 364 U.S. App. D.C. 187, 195, 393 F.3d 210, 218 (2004).
21. Nat. Res. Def. Council v. EPA, 513 F.3d 257, 261, 379 U.S. App. D.C. 313 (D.C. Cir. 2008); Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 491, 386 U.S. App. D.C. 328 (D.C. Cir. 2009) (citation omitted).

Township, Pennsylvania Police Department conducted an investigation into defendant's reports that Plaintiff harassed and threatened her via text message.; (2) Sgt. Huntzinger conducted a forensic analysis of Plaintiff's cellular device, assigned phone number 570-690-5814, pursuant to a lawfully issued search warrant. The device had been identified by Defendant as the source of the alleged harassing and threatening messages; (3) The forensic scan concluded that Plaintiff did not author or transmit the messages in question; (4) Sgt. Huntzinger obtained and reviewed Plaintiff's cellular device, assigned phone number 570-690-5814, pursuant to a search warrant, which corroborated that Plaintiff did not send the alleged messages from cellular device, assigned phone number 570-690-5814,; (5) Sgt. Huntzinger obtained Defendant's cellular records via search warrant; (6) Defendant's cellular records confirmed that Defendant did not receive the alleged messages from Plaintiff's cellular device, assigned phone number 570-690-5814,; (7) Plaintiff was not registered to the cellular number alleged to have been the source of the harassing and threatening text messages alleged by the defendant to have been sent to her by the plaintiff; (8) Defendant used a text messaging phone application to send harassing messages to herself while alleging that she received text messages from an unknown source; (9) Before filing her petition for anti-stalking order, the defendant spoke with the plaintiff, as well as administrators of the Miss America Organization, regarding the test messages who concluded the messages were not

15

drafted by the plaintiff; (10) Evidence the defendant was disqualified from participating in the 2024 Miss Pennsylvania Scholarship competition as a result of the defendant's failure to maintain residency in the Commonwealth of Pennsylvania; On June 18, 2024, plaintiff has retained counsel licensed to practice in Washinton, D.C. to file a Motion to Vacate the June 5, 2024 Anti-Stalking Order based on newly discovered, conclusive evidence establishing that I was not the source of the text messages allegedly received by defendant [Exhibit 1 – Declaration of Victoria Vespico]. Accordingly, the defendant's motion to dismiss pursuant to the doctrine of res judicata (claim preclusion) should properly be denied.

### D.    COUNTS I-III OF THE COMPLAINT ARE NOT <u>BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL</u>

Collateral estoppel is an equitable doctrine. It is a doctrine of equitable discretion to be applied only when the alignment of the parties and the legal and factual issues raised warrant it. Its application is controlled by the principles of equity and fairness to both parties must be considered when it is applied.[22] Under District of Columbia law, issue preclusion (collateral estoppel) requires the following elements be met: (1) the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2) the issue must have been actually and necessarily determined by a

---

22. Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co., 240 U.S. App. D.C. 103, 744 F.2d 118, 125 (1984).

court of competent jurisdiction in that prior case; and (3) preclusion in the second case must not work a basic unfairness to the party bound by the first determination.[23] The defendant fails to demonstrate the application of the elements sufficient to support the application of collateral estoppel to the instant matter.

### i. *Counts I-III Of the Complaint Were Not Submitted for Determination in the Superior Court for the District of Columbia Proceeding*

Defendant contends the D.C. Superior Ct. finding the plaintiff authored the text messages collaterally estops the plaintiff from pursuing a claim for damages arising from distinct conduct, harms, and legal theories that occurred outside the scope and time frame of the D.C. Superior Ct. proceeding. This argument is legally and factually unsupported.

A fair reading of the Complaint demonstrates the operative facts supporting the theories of liability asserted in Counts I-III of the Complaint arise from distinct conduct (*including vandalism*), harms, and legal theories that occurred outside the scope and time frame were not actually litigated in the D.C. Superior Ct. proceeding. The operative facts in support of Counts I-III of the Complaint were not submitted to the D.C. Superior Ct. for judicial determination. Accordingly, collateral estoppel does not bar the prosecution of Counts I-III of the Complaint.

---

23. Montgomery v. IRS, 40 F.4th 702, 709, 458 U.S. App. D.C. 98 (D.C. Cir. 2022), quoting, Martin v. DOJ, 488 F.3d 446, 454, 376 U.S. App. D.C. 293 (D.C. Cir. 2007))

> ii.  **Counts I-III Of the Complaint Were Not Actually and Necessarily Determined by the Superior Court for the District of Columbia**

For an issue to be actually and necessarily decided by a prior court, the determination must be essential to the court's judgment.[24]  As discussed prior, fraudulent or fabricated evidence cannot serve as essential evidence to preclude a later cause of action, as the defendant appears to suggest.[25] Moreover, the issue of whether the defendant abused process, defamed, or placed the plaintiff in a false light were not essential to the D.C. Superior Ct.'s prior judgment in connection with an anti-stalking petition. Accordingly, collateral estoppel does not bar the prosecution of Counts I-III of the Complaint.

> iii.  **The Application of Issue Preclusion in the Instant Matter Would Completely Undermine Basic Unfairness**

When determining what is "basic fairness" within the meaning of the doctrine of collateral estoppel, the court should properly consider whether the litigant had a "full and fair" opportunity to litigate the issue in the prior proceeding. The "full and fair" opportunity inquiry includes the question of "whether without fault of his own the party against whom collateral estoppel is to be invoked was deprived of crucial evidence or witnesses in the first litigation."[26]  Basic elements of

---

24. Cal. Cmtys. Against Toxics v. EPA, 442 U.S. App. D.C. 126, 137, 928 F.3d 1041, 1052 (2019)
25. Throckmorton, 98 U.S. 61, 66 (1878); Marshall, 141 U.S. 589, 596 (1891)
26. Jack Faucett Assocs., Inc., 240 U.S. App. D.C. at 103 (1984).

fairness suggest that a Court should not bind a litigant, such as the plaintiff, to a ruling predicated on a fraud having been committed upon the Court or denied opportunity to present evidence not previously unavailable. Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.[27] Collateral estoppel should not be applied in situations where important, material evidence can be introduced in the current trial that was unavailable in the previous trial.[28]

The Complaint alleges the D.C. Superior Ct. judgment was procured through fraud. The fraud perpetrated upon the D.C. Superior Ct. and the newly available evidence substantiating that fraud, provides ample reason to question the quality, thoroughness, and fairness of the procedures employed in the prior proceeding. The Complaint alleges the D.C. Superior Ct. judgment was procured without consideration of evidence material to issues presented which was previously unavailable. Applying principals of equity within the meaning of the collateral estoppel doctrine, defendant's motion to dismiss Counts I-III of the Complaint should properly be dismissed. Important, material evidence confirming the defendant's wrongdoings which was previously not considered by the D.C. Superior

---

27. Yanping Chen v. FBI, 435 F. Supp. 3d 189, 193-94 (D.D.C. 2020) (finding is not preclusive in a subsequent suit because plaintiff did not have a full and fair opportunity due to her inability to take discovery).

28 Jack Faucett Assocs., Inc., 240 U.S. App. D.C. at 103 (1984) , citing, Restatement (Second) of Judgments § 29, comment, at 297.

19

Ct. because of its unavailability, is now available [Exhibit 1 – Declaration of Victoria Vespico]. It would be fundamentally unfair, let alone support a notion of basic fairness, for the defendant to be rewarded for a successful committing fraud upon the D.C. Superior Ct.[29]  A conclusion to the contrary invites the presentation of fabricated evidence and perjured testimony to a court and conflicts with principles fundamental to the important public policy that persons may not benefit from wrongdoing.  Accordingly, collateral estoppel does not bar the prosecution of Counts I-III of the Complaint.

### E.   THE DEFENDANT'S STATEMENTS ARE NOT PROTECTED BY PENNSYLVANIA'S JUDICIAL PRIVILEGE

Without identifying a statement, the defendant appears to suggest the Court should dismiss Counts I-III of the Complaint upon a basis the defendant's statements are protected by Pennsylvania's Judicial Privilege.  The defendant's suggestion lacks foundation.

The judicial privilege is not a license for extra-judicial defamation.[30] A later act may only be protected by the judicial privilege if it meets the two elements: (1)

---

29. United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d 62, 74 (D.D.C. 2017), citing, Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (1945) (Unclean hands "is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief" and originates from "the equitable maxim that 'he who comes into equity must come with clean hands.'") .
30. Post v. Mendel, 510 Pa. 213, 222, 507 A.2d 351, 356 (1986).

it was issued during the regular course of the judicial proceedings; and (2) it was pertinent and material to those proceedings.[31]  Even an absolute privilege may be lost through over publication.  In the case of the judicial privilege, over publication may be found where a statement initially privileged because made in the regular course of judicial proceedings is later republished to another audience outside of the proceedings.[32] When an extrajudicial act that occurred outside of the regular course of the judicial proceedings and was not relevant in any way to those proceedings, it is plain that it was not protected by the judicial privilege.[33]  Furthermore, in the case of defamatory communications made to news outlets for an improper or malicious motive, the qualified privilege is lost.[34]

The Complaint asserts defendant's malicious and defamatory extra-judicial statements were communicated though social media, multiple investigative reporters and the mainstream media which occurred outside of the Court proceeding and have no relevance to the D.C. Superior Ct. hearing [Doc No. 1 at ¶¶ 64-103; 130-158].

---

31. Bochetto v. Gibson, 580 Pa. 245, 253, 860 A.2d 67, 73 (2004) (The act of sending a reporter statements contained in a copy of the Complaint was an extrajudicial act not protected by the judicial privilege); Binder v. Triangle Publ'ns, Inc., 442 Pa. 319, 321-23, 275 A.2d 53, 55-56 (1971) (holding that newspaper article describing trial was not protected by judicial privilege).
32. Pawlowski v. Smorto, 403 Pa. Super. 71, 588 A.2d 36, 41 n.3 (Pa. Super. 1991)
33. Bochetto v. Gibson, 580 Pa. 245, 253, 860 A.2d 67, 73 (2004)
34. Pelagetti v. Cohen, 370 Pa. Super. at 437, 536 A.2d at 1344. See also Green v. Minzer, 692 A.2d 169, at 175; Restatement (Second) Torts § 603 (1977).

21

Thus, the qualified privilege is lost.  Accordingly, Pennsylvania's Judicial Privilege does not bar the prosecution of Counts I-III of the Complaint.

**F.    THE COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST DEFENDANT PREMISED UPON AN ABUSE OF PROCESS OF LIABILITY SET FORTH IN COUNT I OF THE COMPLAINT**

The Defendant moves the Court to dismiss plaintiff's Abuse of Process theory of liability as set forth in Count I of the Complaint contending the Complaint does not sufficient plead facts to support an abuse of process claim.  The defendant ignores the material facts plead in the Complaint which this court must accept as true.

An abuse of process claim requires a showing of two elements: (1) an ulterior motive; and (2) there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge.[35]  The critical concern in abuse of process cases is whether process was used to accomplish an end unintended by law, and whether the suit was instituted to achieve a result not

---

35. Osinubepi-Alao v. Plainview Fin. Servs., 44 F. Supp. 3d 84, 94 (D.D.C. 2014), citing, Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980) (The defendants submitted deceptive documents to Court. The Court found the defendants acted with the ulterior motive of collecting the debt and attorneys' fees, an end which would not be otherwise legally obtainable).

regularly or legally obtainable.[36]

The Complaint pleads the defendant initiated the D.C. Superior Ct. proceedings with the ulterior motive of irreparably damaging the plaintiff's reputation. The Complaint pleads the defendant accomplished her goal of damaging the plaintiff's reputation and causing injury, which is an outcome that was not contemplated in the regular prosecution of the charge by the District of Columbia's Anti-Stalking law [Doc No. 1 ¶¶ 111, 114, 123]. The defendant's perversion of the process, after she initiated the proceeding D.C. Superior Ct., is more clearly illustrated by her national media campaign identifying the plaintiff as the person who threatened, stalked, and harassed her – despite, as the Complaint pleads, it was the defendant herself who authored the threatening and disturbing text messages at issue [Doc No. 1 ¶¶ 40-63; 66-103]. The Complaint pleads facts sufficient to allow the Court to draw the reasonable inference that discovery will reveal evidence giving rise to a plausible theory of recovery against the defendant premised upon an abuse of process theory of tort liability set forth in Count I of the Complaint. Accordingly, the defendant's Motion to Dismiss Count I of the Complaint upon the basis the pleading fails to sufficiently state a claim predicated upon the tort theory of liability of abuse of process should properly be denied.

---

36. Osinubepi-Alao v. Plainview Fin. Servs., 44 F. Supp. 3d 84, 94 (D.D.C. 2014), citing, Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980).

23

**G.    THE COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST THE DEFENDANT PREMISED UPON A DEFAMATION PER SE THEORY OF LIABILITY SET FORTH IN COUNT II THE COMPLAINT**

Defendant contends that plaintiff's defamation per se claim presented in Count II of the Complaint must be dismissed upon grounds: (1) the allegedly defamatory statements accusing plaintiff of harassment, terroristic threats, and vandalism are true, based on the D.C. Superior Ct.'s finding that plaintiff sent harassing text messages; and (2) the statements reflected are non-actionable opinions. As a threshold matter, the unavoidable implication of the communications at issue give rise to an impression of the plaintiff which is patently false and defamatory. To prevail upon a defamation per se theory of liability a plaintiff must plead: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to

24

be applied to the plaintiff.[37]  In this matter is undisputed the communications are defamatory per se.[38] A defamatory statement must be viewed in context.[39]

### i. The Rulings of Superior Court for the District of Columbia Do Not Insulate the Defendant from Civil Liability for Communicating Defamatory Statements About the Plaintiff

As stated in detail above, the defendant is not entitled to be insulated from civil prosecution as a result of successful fraud upon the D.C. Superior Ct.  A conclusion in the alternative would completely undermine the judicial process, designed to discover the truth.  Moreover, the D.C. Superior Ct. was not presented with the allegation the plaintiff vandalized the defendant's vehicle [Doc No. 1 ¶ 94].  Consequently, the findings of the D.C. Superior Ct. cannot be considered as truth where they were either supported by fabricated evidence and perjured testimony, or not presented for consideration at all.

### ii. The Defamatory Communications Are Not Mere Expressions of Opinion

Defendant contends her social media post of the D.C. Superior Ct. Order captioned, "Since everyone keeps asking me if there is really a protective

---

37. 42 Pa.C.S. § 8343(a); Menkowitz v. Peerless Publ'ns, Inc., 211 A.3d 797, 800 n.6 (Pa. 2019); Tucker v. Fischbein, 237 F.3d 275, 281 (3d Cir. 2001) [quoting 42 Pa. Const. Stat. Ann. § 8343(a)].
38. Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (quoting Thomas Merton Ctr. v. Rockwell Int'l Corp., 497 Pa. 460, 442 A.2d 213, 215-16 (1981); see also Restatement (Second) of Torts § 559.
39. Baker v. Lafayette Coll., 516 Pa. 291, 532 A.2d 399, 402 (Pa. 1987).

order, here you go…," and her statements to investigative reporter(s) of mainstream media are non-actionable opinions.  The defendant's contention is unsupported by law or fact and irresponsible advocacy.

Pennsylvania has adopted the Second Restatement's approach to defamation, and it distinguishes a statement of fact from a statement of opinion upon the basis of whether it may be "objectively determined."[40]  A statement of fact can be verified as true or false, whereas an expression of opinion only a subjective belief of the speaker.[41]  Here, the Complaint alleges defendant communicated to national publicized media outlets that the plaintiff committed criminal acts and points to the Anti-Stalking Order in support of an attempt to verify the truth of her allegations that she was stalked, harassed, and threatened by plaintiff [Doc No. 1 ¶¶ 40-63; 66-103].  The statements of the defendant which support the defamation cause of action are statements of facts and not opinion.  The statements of the defendant which support the defamation cause of action give rise to a false implication the plaintiff was determined to have committed criminal acts by the D.C. Superior Ct. The statements of the defendant which support the defamation cause of action, as plead in the Complaint, are themselves patently false and borne through fraud perpetrated upon a court.

---

40 Meyers v. Certified Guar. Co., LLC, 2019 PA Super 316, 221 A.3d 662, 670, citing, Restatement (Second) of Torts, § 566, Comment (a).
41 Id.

Accordingly, defendant's Motion to Dismiss Count II of the Complaint upon the basis the pleading fails to sufficiently state a claim predicated upon the tort theory of liability of defamation should properly be denied.

**H. THE COMPLAINT PLEADS FACTS SUFFICIENT TO ALLOW THE COURT TO DRAW THE REASONABLE INFERENCE THAT DISCOVERY WILL REVEAL EVIDENCE GIVING RISE TO A PLAUSIBLE THEORY OF RECOVERY AGAINST THE DEFENDANT PREMISED UPON A PRESENTATION OF FALSE LIGHT THEORY OF LIABILITY <u>SET FORTH IN COUNT III THE COMPLAINT</u>**

The defendant argues that Count III of the Complaint asserting a presentation of false light theory of liability should be dismissed for the reasons set forth in her argument to dismiss Count II of the Complaint asserting a defamation theory of liability. For the same reasons as stated above, the defendant fails to produce facts or develop argument that would truthfully support the statement that plaintiff committed the criminal acts of stalking, harassment, terroristic threats and vandalism against the defendant or that such statement of facts may properly be considered non-actionable opinions. Accordingly, the defendant's Motion to Dismiss Count III of plaintiff's Complaint upon the basis the pleading fails to sufficiently state a claim predicated upon the tort theory of liability of presentation of false light should properly be denied.

**I.    THE DEFENDANT IS NOT ENTITLED TO ATTORNEY'S FEES WITHIN THE MEANING OF PENNSYLVANIA'S ANTI-SLAPP STATUTE**

The defendant contends that she should be awarded immunity, attorney's fees, costs and expenses upon the basis her extra-judicial statements were made in a judicial proceeding, are of public concern and are therefore protected public expressions within the meaning of Pennsylvania's Anti-SLAPP Statute.[42] The defendant's contention is troubling.

Pennsylvania's Anti-SLAPP Statute grants immunity to those groups or parties exercising the rights to protected public expression.[43]  A protected public expression is defined as a person's: (1) communication in a legislative, executive, judicial or administrative proceeding; (2) communication on an issue under consideration or review in a legislative, executive, judicial or administrative proceeding; or (3) exercise, on a matter of public concern, of the rights of freedom of speech or of the press, the right to assemble or petition or the right of association, guaranteed by: (i) the First Amendment to the Constitution of the United States; or (ii) section 7 or 20 of Article I of the Constitution of Pennsylvania. Here, the statements of the defendant which give rise to the instant causes of action are premised upon statements which are false, statements communicated after the

---

42. 42 Pa.C.S. §§ 8340.1 et seq.].
43. 42 Pa.C.S. § 8340.12(3)(i)

28

conclusion of the D.C. Superior Ct. proceeding; statements concerning subject matter not decided by the D.C. Superior Ct.; statements derived from a fraud committed upon a court.

Moreover, the defendant demonstrates no facts which support a claim that her extra-judicial statements were are of public concern and protected public expressions within the meaning of Pennsylvania's Anti-SLAPP Statute.  The defendant's manufacture of a bulling event involving the plaintiff is not a matter of public concern as the defendant suggests.  To the extent that bulling generally may be viewed as a matter of concern, the facts of this matter do not suggest the defendant was speaking, advocating or pontificating about matters other than her specific issue and to advance her false truth and to cause harm to the plaintiff.  Here again, the defendant seeks to further weaponize the order entered by D.C. Superior Ct., perpetrated by fraud, and moves this Court to award the defendant attorney's fees, costs and expenses without presenting a meritorious argument.  For the reasons set forth in greater detail above, the plaintiff has established the existence of a prima facie case as to each essential element of the causes of action presented in the Complaint.  Accepting all the well plead facts of the Complaint as true, plaintiff states a cause of cause of action upon which relief may be granted.  The defendant's extra-judicial defamatory statements do not represent a protected public expression within the meaning of Pennsylvania's Anti-SLAPP Statute.  The defendant may not

29

benefit from her abuse of the D.C. Superior Ct.   Accordingly, the defendant is not entitled to be awarded immunity, attorney's fees, costs and expenses.

## V.   <u>CONCLUSION</u>

For the foregoing reasons and any others which may arise pending a hearing on this matter, plaintiff respectfully requests that this Honorable Court enter its order denying the defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Alternatively, in the event the Court concludes the Complaint fails to survives Rule 12(b)(6) scrutiny, the plaintiff requests the Court grant leave of the plaintiff the opportunity to amend her Complaint to include newly discovered facts.[44]

Respectfully submitted,

By:   */s/ Steven F. Marino*
Steven F. Marino, Esquire
PA Attorney I.D. No.   53034
Joseph Auddino, Esquire
PA Attorney I.D. No.   316752
MARINO ASSOCIATES
301 Wharton Street
Philadelphia, PA 19147
Telephone:  (215) 462-3200
Telecopier:  (215) 462-4763
smarino@marinoassociates.net
jauddino@marinoassociates.net

Dated: June 19, 2025                    *Attorneys for Plaintiff*

---

[44] Fed. R. Civ. P. 15(a)(2)