IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOCKET NUMBER: 3:25-cv-00512-JKM

VICTORIA VESPICO,

Plaintiff

v

ROBYN KASS-GERJI

Defendant

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT KASS-GERJI'S MOTION FOR ATTORNEY'S FEES UNDER PENNSYLVANIA'S UNIFORM PUBLIC EXPRESSION PROTECTION ACT**

By:   */s/ Joseph Auddino*
Steven F. Marino, Esquire
PA Attorney I.D. No.   53034
Joseph Auddino, Esquire
PA Attorney I.D. No.   316752
MARINO ASSOCIATES
301 Wharton Street
Philadelphia, PA 19147
Telephone:  (215) 462-3200
Telecopier:  (215) 462-4763
smarino@marinoassociates.net
jauddino@marinoassociates.net
*Attorneys for Plaintiff*

Dated: May 18, 2026

## TABLE OF CONTENTS

I.     MATTER BEFORE THE COURT ................................................................1

II.    STATEMENT OF QUESTIONS INVOLVED ............................................1

III.   STATEMENT OF MATERIAL FACTS ....................................................2

IV.    STATEMENT OF RELEVANT PROCEDURAL HISTORY ......................3

V.     ARGUMENT PRESENTED ........................................................................5

      A.     PROVISIONS OF PENNSYLVANIA'S UNIFORM PUBLIC EXPRESSION PROTECTION ACT UPON WHICH THE DEFENDANT RELIES TO SUPPORT HER AWARD OF ATTORNEY'S FEES ARE PROCEDURAL IN NATURE, DIRECTLY CONFLICT WITH FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 56, VIOLATE THE ERIE DOCTRINE, AND DO NOT APPLY IN FEDERAL COURT IN DIVERSITY ACTIONS ........................................................................5

      B.     DEFENDANT FAILS TO PRESENT PROOFS DOCUMENTING THE TIME EXPENDED AND ACTIVITY UNDERTAKEN SUFFICIENT TO SUSTAIN HER BURDEN OF DEMONSTRATING THE REASONABLENESS OF HER REQUEST FOR ATTORNEY'S FEES AND LITIGATION EXPENSES ......................................................................9

      C.     THE HOURLY BILLING RATES CHARGED BY THE DEFENDANT'S ATTORNEYS FOR PROFESSIONAL SERVICES RENDERED ARE UNREASONABLE CONSIDERING THE PREVAILING RATES FOR PROFESSIONAL LEGAL SERVICES IN THE SCRANTON, PA VICINAGE ................................................13

VI.    CONCLUSION...........................................................................................15

# TABLE OF AUTHORITIES

**Cases**

Blum v. Stenson,
    465 U.S. 886, 895 n. 11(1984) ...................................................................................9

Blum v. Stenson,
    465 U.S. 886, 895, 898-899 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)........ 10, 12

Clemens v. N. Y. Cent. Mut. Fire Ins. Co.,
    903 F.3d 396 (3rd Cir. 2018)...................................................................................13

Contractor's Association of Eastern Pennsylvania, Inc. v. City of Philadelphia,
    1996 U.S. Dist. LEXIS 8540, Civ. A. No. 89-2737, 1996 WL 355341 (E.D. Pa.
    Jun. 20, 1996) .........................................................................................................11

Durand v. Lake Scranton Urgent Care, LLC,
    2025 U.S. Dist. LEXIS 266174, *7, 11 .......................................................... 11, 12

Ezekian v. Anacomp, Inc.,
    2003 U.S. Dist. LEXIS 19837, *6-7.............................................................. 11, 12

Henrich v. Colby's Crew Rescue,
    2026 U.S. Dist. LEXIS 64006 (E.D. Pa. Mar. 26, 2026) ............................. 6, 7, 9

Hensley v. Eckerhart,
    461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ................................10

Holmes v. Am. Homepatient, Inc.,
    2025 U.S. Dist. LEXIS 14627, 2025 WL 321829, at *9-10, 22-24 (M.D. Pa. Jan.
    28, 2025) .......................................................................................................... 13, 14

In re: S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP,
    927 F.3d 763, 773 (3d Cir. 2019).......................................................................9, 10

Interfaith Cmty. Org.,
    426 F.3d at 713 ........................................................................................................10

Jakes v. Youngblood,
   782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025) ..........................................6, 7

Paucek v. Shaulis,
   349 F.R.D. 498 (D.N.J. 2025) ...................................................................................8

Rode v. Dellarciprete,
   892 F.2d 1177, 1183 (3d Cir. 1990) .......................................................................10

Salaam v. Trump,
   350 F.R.D. 14, 21 (E.D. Pa. 2025), app. filed, 25-2230 (3d Cir. July 9, 2025) .6, 7

Taylor v. K N B'S Inflatables Please, LLC,
   2025 U.S. Dist. LEXIS 266967, *5-8................................................. 10, 13, 14, 15

Washington v. Phila. Cnty. Ct. of Com. Pl.,
   89 F.3d 1031, 1037 (3d Cir. 1996) .......................................................................10

## Statutes

28 U.S.C.A. §1332 ....................................................................................................4

42 Pa.C.S.A. §8340.11 et seq....................................................................................4

42 Pa.C.S.A. §8340.15 ..................................................................................... 5, 6, 7

42 Pa.C.S.A. §8340.18 .............................................................................. 1, 5, 6, 8, 9

## Federal Rules of Civil Procedure

Rule 12(b)(6)...................................................................................... 4, 5, 6, 7, 8

Rule 56 ............................................................................................... 5, 6, 7, 8

UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA VESPICO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:25-cv-00512-JKM |
| | : | |
| ROBYN KASS-GERJI, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT KASS-GERJI'S MOTION FOR ATTORNEY'S FEES
UNDER PENNSYLVANIA'S UNIFORM PUBLIC EXPRESSION
PROTECTION ACT**

The plaintiff, by and through counsel, provides the instant submission in

support of the plaintiff's opposition to defendant Robyn Kass-Gerji's Motion For

Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act.

## I.    MATTER BEFORE THE COURT

1.    Defendant Robyn Kass-Gerji's Motion for attorney's fees under

Pennsylvania's Uniform Public Expression Protection Act.

## II.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether Pennsylvania's Uniform Public Expression Protection Act, 42

Pa.C.S.A. §8340.18, upon which the defendant relies to support her award of

attorney's fees is applicable in federal court in which subject matter jurisdiction is conferred by diversity?

Proposed Answer: No.

2.      Whether the defendant has presented proofs documenting the time expended and activity undertaken sufficient to sustained her burden of demonstrating the reasonableness of her request for attorney's fees and litigation expenses?

Proposed Answer: No.

3.      Whether the hourly billing rates charged by the defendant's attorneys for professional services rendered are reasonable considering the prevailing rates for legal services in the Scranton, PA vicinage?

Proposed Answer: No.

## III.    <u>STATEMENT OF MATERIAL FACTS</u>

Plaintiff and defendant Robyn Kass-Gerji were competitors in a 2024 Miss Pennsylvania Scholarship beauty pageant. To gain an unfair competitive advantage, defendant Robyn Kass-Gerji devised a scheme using a cell phone application to send herself a series of fabricated threatening text messages which lent the false impression the text messages were forwarded from a cellular device bearing the plaintiff's cell phone number.   In furtherance of her scheme, defendant Robyn Kass-

Gerji went on to commit a fraud upon the Superior Court of the District of Columbia, Domestic Violence Division (referred to hereafter as the "D.C. Superior Ct.") submitting a falsified Petition and Affidavit in pursuit of moving the D.C. Superior Ct. to issue an anti-stalking order on behalf of the defendant and against the plaintiff. The Petition and Affidavit filed by the defendant with the D.C. Superior Ct. falsely accused the plaintiff of sending the threatening text messages to the defendant. Without the benefit of the findings of a criminal investigation undertaken by Seargent Michael Huntzinger of the Kingston Township Police Department revealing the defendant's scheme, in a summary proceeding, the D.C. Superior Ct. entered an anti-stalking order on behalf of the defendant and against the plaintiff. The anti-stalking order entered by the D.C. Superior Ct., and subject matter relative to the proceeding, was publicized by defendant Robyn Kass-Gerji on social media platforms and by various news outlets upon interview of the defendant. The publicity presented plaintiff in a false light, was defamatory, and damaged her reputation and good name.

## IV.    <u>STATEMENT OF RELEVANT PROCEDURAL HISTORY</u>

This action was brought by the plaintiff to recover damage and loss suffered to her reputation and good name arising from the intentional a deliberate wrongdoing of defendant Robyn Kass-Gerji. On March 20, 2025, the plaintiff initiated this action

in diversity, pursuant to 28 U.S.C.A. § 1332, in the United States District Court Middle District of Pennsylvania against defendants Robyn Kass-Gerji; Daily-Mail On-Air, LLC, an online news outlet; and Laura Collins, an investigative news reporter.   On May 7, 2025, plaintiff voluntary dismissed the actions against defendants Daily-Mail On-Air, LLC and investigative news reporter Ms. Laura Collins.  On June 5, 2025, defendant Robyn Kass-Gerji filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  On June 19, 2025, the plaintiff filed a response in opposition to the defendant's 12(b)(6) Motion to Dismiss [Doc. 19].   On March 16, 2026, the Court entered an Order granting the defendant's 12(b)(6) Motion to Dismiss and dismissed plaintiff's claims against the defendant, with prejudice, upon the basis of the doctrine of res judicata. The Court provided leave of the defendant to seek an award of attorney's fees against the plaintiff pursuant to  Pennsylvania's Uniform Public Expression Protection Act, 42 Pa.C.S.A. §8340.11 et seq., by electing either to:   (1) submit a Motion for Determination of Immunity and Fee Award in this Court; or (2)  file a separate cause of action in the Pennsylvania Court of Common Pleas [Doc 21 at p. 32]. The defendant elected to file a Motion for Determination of Immunity and Fee Award in this Court.  On April 20, 2026, the defendant filed a Motion for Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act.  On May 4, 2026, defendant filed a brief in support of her Motion For Attorney's Fees Under

4

Pennsylvania's Uniform Public Expression Protection Act. The plaintiff's instant response in opposition follows.

## V.    ARGUMENT PRESENTED

**A.    PROVISIONS OF PENNSYLVANIA'S UNIFORM PUBLIC EXPRESSION PROTECTION ACT UPON WHICH THE DEFENDANT RELIES TO SUPPORT HER AWARD OF ATTORNEY'S FEES ARE PROCEDURAL IN NATURE, DIRECTLY CONFLICT WITH FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 56, VIOLATE THE ERIE DOCTRINE, AND DO NOT APPLY IN FEDERAL COURT IN DIVERSITY ACTIONS**

Defendant moves this Court for an award of attorney's fees pursuant to Section 8340.18 of Pennsylvania's Uniform Public Expression Protection Act, 42 Pa.C.S.A. §8340.18 [relating to Awards].  Section 8340.18 provides:

§ 8340.18. Awards.

(a)    Party asserting immunity. If a cause of action based on protected public expression is commenced against a party, all of the following apply:

(1)    If the party is immune under section 8340.15 (relating to grant of immunity), the court shall award the party attorney fees, court costs and expenses of litigation jointly and severally against each adverse party that asserted the cause of action.

(2)    If the party asserts protected public expression immunity and the opposing party voluntarily discontinues the action under Pa.R.C.P. No. 230 (relating to voluntary nonsuit), with or without prejudice, the court shall award the asserting party attorney fees, court costs and expenses of litigation jointly and severally against each adverse party that asserted the cause of action.

(b)   Party opposing immunity. If the court determines that a party's assertion of protected public expression immunity is frivolous or filed solely with intent to delay the proceeding, the court shall award the opposing party attorney fees, court costs and expenses of litigation, incurred in opposing the assertion of protected public expression immunity.

Defendant's claim for an award of attorney fees, pursuant to Section 8340.18, is predicated upon this Court's finding the defendant is immune from liability within the meaning of a separate section of the Pennsylvania's Uniform Public Expression Protection Act,  Section 8340.15 [relating to Grant of Immunity].  The District Courts of this circuit have uniformly determined that Section 8340.15 of Pennsylvania's Uniform Public Expression Protection Act is procedural in nature, violates the Erie Doctrine, and not does apply in Federal Court diversity actions.[1] Evaluating whether § 8340.15 applies in federal court, District Courts of this circuit have reasoned Section 8340.15 directly collides with Rules 12(b)(6) and 56.[2]  Under Rule 12(b)(6), a plaintiff can overcome a motion to dismiss by alleging facts

---

[1] Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. 2025); Salaam v. Trump, 350 F.R.D. 14, 21 (E.D. Pa. 2025), app. filed, 25-2230 (3d Cir. July 9, 2025); Henrich v. Colby's Crew Rescue, 2026 U.S. Dist. LEXIS 64006 (E.D. Pa. Mar. 26, 2026).

[2] In Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025); Salaam v. Trump, 350 F.R.D. 14, 19 (E.D. Pa. 2025); Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *24 (E.D. Pa. Mar. 26, 2026)

sufficient to state a claim that is plausible on its face.[3]  If a claim survives a Rule 12(b)(6) motion to dismiss, a party may move (after discovery, but before trial) for summary judgment under Rule 56, which requires summary judgment be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [4]  In contrast, Section 8340.15 permits the Court to consider whether there are genuine issues of material fact, during (not after) the pleading stage.[5]  Because Rules 12 and 56 answer the same question as Section 8340.15, the Federal Rules and Section 8340.15 both create a mechanism for a defendant to resolve a case pre-trial, the Federal Rules and Section 8340.15, directly collide,  and the *Erie* doctrine prevents Section 8340.15 applicability in federal court. [6]

---

3 In Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025); Salaam v. Trump, 350 F.R.D. 14, 19 (E.D. Pa. 2025); Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *24 (E.D. Pa. Mar. 26, 2026)
4 In Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025); Salaam    v.    Trump,    350    F.R.D.    14,    19    (E.D.    Pa.    2025); Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *24 (E.D. Pa. Mar. 26, 2026)
5 In Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025); Salaam v. Trump, 350 F.R.D. 14, 19 (E.D. Pa. 2025); Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *24 (E.D. Pa. Mar. 26, 2026)
6 In Jakes v. Youngblood, 782 F. Supp. 3d 210, 217 (W.D. Pa. Apr. 25, 2025); Salaam v. Trump, 350 F.R.D. 14, 19-20 (E.D. Pa. 2025); Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *25 (E.D. Pa. Mar. 26, 2026)

In support of her argument Section 8340.18 of Pennsylvania's Uniform Public Expression Protection Act is applicable in  federal court and authorizes this Court to enter an award of attorney fees in her favor,  the defendant commends the Court's attention to the New Jersey federal district court case,  Paucek v. Shaulis, 349 F.R.D. 498 (D.N.J. 2025).  As a threshold matter, this Court is not bound by the holdings of a New Jesey federal district court.  Moreover, a reading of Paucek reveals the case does not analyze, address, or involve the Pennsylvania Uniform Public Expression Protection Act at all.  Rather,  Paucek analyzes a New Jersey statute, New Jersey's Uniform Public Expression Protection Act.  The defendant cites no authority recognized in the Circuit which supports her contention Section 8340.18  of Pennsylvania's Uniform Public Expression Protection Act is applicable to this Court, sitting in diversity, and authorizes this Court to grant the defendant an award of reasonable attorney's fees.  There appears no reasonable basis in this case which would warrant this Court to depart from the uniform decisions maintained by all of the other Pennsylvania district courts of this Circuit ruling upon this same issue. Accordingly,  the Court should properly deny defendant's Motion For Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act upon the basis the provisions of the Act are procedural in nature, directly conflict with Rules 12(b)(6) and 56, Federal Rules of Civil Procedure, violate the Erie Doctrine, and do not apply in Federal Court in diversity actions.

8

**B.**      **DEFENDANT FAILS TO PRESENT PROOFS DOCUMENTING THE TIME EXPENDED AND ACTIVITY UNDERTAKEN SUFFICIENT TO SUSTAIN HER BURDEN OF DEMONSTRATING THE REASONABLENESS OF HER REQUEST FOR ATTORNEY'S FEES AND LITIGATION EXPENSES**

Should this Court determine the provisions of Pennsylvania's Uniform Public Expression Protection Act apply in federal diversity actions and that this Court is authorized to award defendant attorney's fees pursuant to 42 Pa.C.S.A. § 8340.18, which it should not, the Court must determine if the attorney's fees requested are reasonable.[7] The party seeking attorney's fees bears the burden of proving the reasonableness of their request for attorney's fees.[8] Courts in the Third Circuit assess the reasonableness of a request for attorneys' fees using a lodestar formula.[9] That is, a district court is to determine the reasonable fee by multiplying the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for

---

7 Henrich v. Colby's Crew Rescue, No. 25-4961, 2026 U.S. Dist. LEXIS 64006, at *22 (E.D. Pa. Mar. 26, 2026)

8 Blum v. Stenson, 465 U.S. 886, 895 n. 11(1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.")

9 In re: S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019)

9

such services given the geographical area, the nature of the services provided, and the experience of the lawyer.[10] The lodestar is presumed to be the reasonable fee.[11]

     **1.**     **Defendant's Redacted Billing Statement Lacks The Specificity Required For Meaningful Review And The Defendant Fails To Sustain Her Burden Of Proving The Reasonableness Of Her <u>Request For Attorney's Fees And Litigation Expenses</u>**

Upon review of a motion for attorney's fees, a district court is obligated to exclude hours that were not reasonably expended, including those that are excessive, redundant, or otherwise unnecessary.[12] As a result, time entries must be sufficiently specific to enable the court to assess the reasonableness of the hours claimed for the work performed.[13] The Third Circuit has emphasized the necessity for district courts to meticulously review billing records, requiring a "line, by line, by line" examination.[14] A party which knew it would be filing a fee petition could be expected to offer more than general descriptions, such as, "telephone conference

---

10 In re: S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019)

11 Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) [citing Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)]

12 Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *7-8 (E.D. Pa. December 30, 2025)

13 Washington v. Phila. Cnty. Ct. of Com. Pl., 89 F.3d 1031, 1037 (3d Cir. 1996); Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *7-8 (E.D. Pa. December 30, 2025)

14 Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 713 (3d Cir. 2005); Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *7-8 (E.D. Pa. December 30, 2025)

with others," "case preparation," "review of miscellaneous material," "travel," or "legal research."[15] Without sufficient detail, the Court cannot ascertain the nature of the work performed or its necessity to the litigation.[16]

In this matter, the defendant submits a redacted copy of defense counsel's billing statement in support of her motion [Doc. 25-3]. The redacted billing statement conceals entries presumably detailing the nature of activity contended to have been performed encompassing the tally of one hundred sixteen one half hours (116.5) of legal work [Doc. 25-3].  The defendant's billing statement does not clearly define the professional activity undertaken which is associated with the time entries.[17]  Without an unredacted billing statement, an assessment of whether hours

---

15 Contractor's Association of Eastern Pennsylvania, Inc. v. City of Philadelphia, 1996 U.S. Dist. LEXIS 8540, Civ. A. No. 89-2737, 1996 WL 355341 (E.D. Pa. Jun. 20, 1996) ("The entries of the types described above … cannot serve as a reliable tool for the court to use, and consequently cannot be allowed. For the court to be satisfied with less than the minimum detail expected here is not only contrary to the legal standard, but creates a temptation, for even the most well-meaning person, to merely gloss over a faded memory and simply generalize expenses with court approval, when in fact the entries are of no help to the court.") see also, Ezekian v. Anacomp, Inc., 2003 U.S. Dist. LEXIS 19837, *6  (E.D. Pa October 9, 2003) [claim hours described as devoted to "research on employment issues" were eliminated]

16 Durand v. Lake Scranton Urgent Care, LLC, 2025 U.S. Dist. LEXIS 266174, *7 (E.D. Pa. December 29, 2025) ["The court previously noted deficiencies with the time entries supplied by counsel. For example, entries such as "document review," "document prep," and "document work" did not provide sufficient detail to ascertain the nature of the work performed or its necessity to the litigation."]

17 Ezekian v. Anacomp, Inc., 2003 U.S. Dist. LEXIS 19837, *7 (E.D. Pa October 9, 2003) [Where vague description of hours is combined with more specific language describing the time was spent on a mixture of activities time entries were halved]

11

are excessive, redundant, or otherwise unnecessary is unachievable. Providing the Court with only a redacted billing statement in support of her motion, the defendant fails to sufficiently satisfy her burden of demonstrating the reasonableness of her request for attorney's fees.

Moreover, viewed against the backdrop of the experience detailed in the Affidavit of Ted Canter, Esquire, this Court should properly conclude 116.5 hours expended on this routine matter is facially unreasonable [18] See [Doc. 25-1]. Even if the Court is able to decipher the redacted billing statements, the defendant fails to provide a rational basis which justifies the total hours claimed. In an effort to support the number of hours billed, the defendant argues this matter involved novel, complex issues and undefined, sophisticated analysis of digital evidence [Doc. 25-1 at ¶ 15]. The United States Supreme Court has rejected the proposition that the novelty or complexity of a matter is an appropriate factor in determining whether to increase the basis fee award.[19] Accordingly, this court should properly deny defendant's Motion For Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act as presented upon the basis the defendant failed to sustain her burden

---

18 Durand v. Lake Scranton Urgent Care, LLC, 2025 U.S. Dist. LEXIS 266174, *11 (E.D. Pa. December 29, 2025) [counsel's experience considered when determining reasonableness of hours spent]
19 Blum v. Stenson, 465 U.S. 886, 898-899 (1984) ("…neither complexity nor novelty of the issues….is an appropriate factor in determining whether to increase the basic fee award.")

12

of proofs sufficient to demonstrate the reasonableness of her request for attorney's fees.

### C. THE HOURLY BILLING RATES CHARGED BY THE DEFENDANT'S ATTORNEYS FOR PROFESSIONAL SERVICES RENDERED ARE UNREASONABLE CONSIDERING THE PREVAILING RATES FOR PROFESSIONAL LEGAL SERVICES IN THE SCRANTON, PA VICINAGE

The defendant requests this Court to determine the hourly rates equal to $850.00 per hour, for legal work performed by Alex Little, Esquire; $650.00 per hour, for legal work performed by Ted Canter, Esquire; $400.00 per hour, for legal work performed by Sloan Nickel, Esquire; $300.00 per hour, for legal work performed by Richard Armezzani, Esquire;  and $240.00 hour, for legal work performed by paralegal, Ally Foresman reasonable. [Doc. 25-1 at ¶ 15].   An attorney's reasonable hourly rate is the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.[20]  In the Middle District of Pennsylvania, the decision of the Honorable Matthew W. Brann, Chief Judge of the Middle District of Pennsylvania, in Holmes v. Am. Homepatient, Inc., No. 4:21-CV-01683, 2025 U.S. Dist. LEXIS 14627, 2025 WL 321829, at *9-10(M.D. Pa. Jan. 28, 2025) provides guidance in determining the

---

20 Clemens v. N. Y. Cent. Mut. Fire Ins. Co., 903 F.3d 396 (3rd Cir. 2018); Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *5 (E.D. Pa. December 30, 2025)

13

reasonable fee rate in the Williamsport vicinage.[21] In <u>Holmes</u>, Judge Brann determined the range of billable hourly rates for professional services rendered in the Williamsport vicinage is equal to $230 to $375 for experienced attorneys, with associates at a slightly lesser rate.[22] Judge Brann further determined the range of hourly billable rates  for paralegals depending on their experience and the complexity of the work performed was equal to  between  $75 to $170 per hour.[23] This Court slightly departed from the Chief Judge Brann's reasoned hourly ranges in the matter captioned <u>Taylor v. K N B'S Inflatables Please, LLC</u>, 2025 U.S. Dist. LEXIS 266967.   In <u>Taylor</u>, this Court determined a billable hourly rate for an attorney equal to $400 was justified, exceeding Chief Judge Brann's $375 maximum calculation.  In support of this enhancement, this Court cited the Scranton forum, counsel's formidable reputation and skill derived from a $20 million Williamsport verdict, and counsel's critical intervention after the plaintiff was left without legal representation.[24] This Court reasoned under those circumstances the $400 billable hourly rate for an attorney was an appropriate way to harmonize the rates

---

21 Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *6 (E.D. Pa. December 30, 2025)
Holmes v. Am. Homepatient, Inc., No. 4:21-CV-01683, 2025 U.S. Dist. LEXIS 14627, 2025 WL 321829, at *9-10 (M.D. Pa. Jan. 28, 2025)
22 Holmes v. Am. Homepatient, Inc., 2025 U.S. Dist. LEXIS 14627, *22 (M.D. Pa. Jan. 28, 2025)
23 Holmes v. Am. Homepatient, Inc., 2025 U.S. Dist. LEXIS 14627, *23-24 (M.D. Pa. Jan. 28, 2025)
24 Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *7

14

contemplated in <u>Holmes</u> and the reasonable rates charged by skilled, experienced lawyers in the Scranton/Wilkes-Barre market.[25] Applying the standards relied upon for determining the reasonableness of billable hourly rates for legal services in the Middle District of Pennsylvania, Scranton vicinage, the defendant's requested billable hourly rates are excessive.  The circumstance of this case do not warrant this Court  to depart from its recent holding in <u>Taylor</u>, nor the holding of Chief Judge Brann in <u>Holmes</u>.  Accordingly, this court should properly deny defendant's Motion For Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act as presented upon the basis the defendant failed to sustain her burden of proofs sufficient to demonstrate the reasonableness of her request for attorney's fees.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons and any others which may arise pending a hearing on this matter, plaintiff respectfully requests that this Honorable Court enter its order denying the defendant's Motion For Attorney's Fees Under Pennsylvania's Uniform Public Expression Protection Act.

---

25 Taylor v. K N B'S Inflatables Please, LLC, 2025 U.S. Dist. LEXIS 266967, *7

15

Respectfully submitted,

By:    */s/ Steven F. Marino*
       Steven F. Marino, Esquire
       PA Attorney I.D. No.   53034
       Joseph Auddino, Esquire
       PA Attorney I.D. No.   316752
       MARINO ASSOCIATES
       301 Wharton Street
       Philadelphia, PA 19147
       Telephone:  (215) 462-3200
       Telecopier:  (215) 462-4763
       smarino@marinoassociates.net
       jauddino@marinoassociates.net

       *Attorneys for Plaintiff*

Dated: May 18, 2026

16